**DLA PIPER LLP (US)**
ERIC D. GOLDBERG (SBN 157544)
eric.goldberg@us.dlapiper.com
MICHAEL GARFINKEL (SBN 156010)
michael.garfinkel@us.dlapiper.com
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704

RACHEL EHRLICH ALBANESE (*Admitted Pro Hac Vice*)
rachel.albanese@us.dlapiper.com
1251 Avenue of the Americas
New York, New York 10020-1104

JAMES P. MUENKER (*Admitted Pro Hac Vice*)
james.muenker@us.dlapiper.com
1900 N. Pearl St.
Suite 2200
Dallas, Texas 75201-2482

*Counsel to Mirae Asset Securities & Investments (USA), LLC as Creditor to Howard Chorng Jeng Wu*

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>HOWARD CHORNG JENG WU,<br><br>    Debtor. | Lead Case No.: 2:21-bk-19480-ER<br><br>Chapter 7 |
| MIRAE ASSET SECURITIES & INVESTMENTS (USA), LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HOWARD CHORNG JENG WU<br><br>    Defendant. | Adv. Proc. No. 2:22-_____-ER |

# MIRAE ASSET SECURITIES & INVESTMENTS (USA), LLC'S COMPLAINT FOR A DETERMINATION EXCEPTING DEBT FROM DISCHARGE

1

EAST\188868734.6

Plaintiff, Mirae Asset Securities & Investments (USA), LLC ("**Plaintiff**" or "**MASI**"), hereby alleges:

**PRELIMINARY STATEMENT**

1. This is an adversary proceeding by Plaintiff for a determination excepting a debt under 11 U.S.C. § 523(a)(2) owed by Howard Chorng Jeng Wu, the Debtor ("**Defendant**"), to Plaintiff, from discharge pursuant to 11 U.SC. § 523(c)(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 4007.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(1) as this proceeding is brought to determine the dischargeability of a debt owed to Plaintiff under 11 U.S.C. § 523.

3. This adversary proceeding is related to a bankruptcy case under Chapter 7 that is pending in this district (Case No. 21-bk-19480-ER).

4. Venue is proper in this district under 28 U.S.C. § 1409(a).

5. This adversary proceeding is commenced pursuant to section 523(c) of the Bankruptcy Code and Bankruptcy Rules 4007 and 7001(6).

6. Plaintiff consents to entry of a final order or judgment by the Bankruptcy Court in this matter.

7. The Court has fixed March 28, 2022 as the last day to file a complaint to determine dischargeability of a debt under 11 U.S.C. § 523. This complaint has therefore been timely filed.

**PARTIES**

8. At all relevant times, Plaintiff was a limited liability company organized under the laws of Delaware with its principal place of business located at 810 Seventh Avenue, 37th Floor, New York, New York, 10019. Plaintiff is registered to do business in California. Plaintiff is a creditor of Defendant.

9. At all relevant times, Plaintiff is informed, believes, and alleges that Defendant

2

EAST\188868734.6

was an individual residing in Los Angeles County, and that Defendant is the Chapter 7 debtor in the above-captioned case.

**GENERAL ALLEGATIONS**

10. Upon information and belief, Defendant, along with Taylor Woods ("**Woods**"), wholly owned and controlled substantial hotel real estate properties throughout the United States through Urban Commons, LLC ("**Urban Commons**") and various subsidiaries. In or about 2019, Defendant and Taylor Woods formed Eagle Hospitality Trust ("**EHT**"), a real estate investment trust for which Urban Commons acted as a sponsor.

11. As part of their efforts to fund and operate EHT, Defendant and Woods approached Plaintiff in 2019 seeking to secure a loan from Plaintiff to one of their affiliated entities, USA LendCo Holdings LLC ("**USA LendCo**"), the proceeds of which were to be used to refinance certain intercompany funding transactions (the "**Intercompany Funding**") that, upon information and belief, were used to fund a loan by Lodging USA Lendco, LLC ("**Lodging**"), a wholly-owned subsidiary of USA LendCo, to EHT US1, Inc., a U.S. subsidiary of EHT.

12. As consideration for and to induce Plaintiff to loan funds to USA LendCo, Defendant, Woods and Urban Commons made various written representations and warranties to Plaintiff and agreed to jointly and severally guarantee USA LendCo's obligations to Plaintiff.

13. Specifically, USA LendCo and Plaintiff entered into a credit agreement dated as of June 28, 2019 (the "**Credit Agreement**"). A true and correct copy of the Credit Agreement is attached hereto as **Exhibit A**.

14. Under the Credit Agreement, MASI agreed to extend a loan to USA LendCo in the principal amount of $25 million, subject to the terms and conditions contained therein.

15. In connection therewith and as a condition thereto, Defendant, Woods and Urban Commons (collectively, the "**Guarantors**") executed and delivered to Plaintiff that certain Joint and Several Guaranty (the "**Guaranty**"), dated as of July 1, 2019. A true and correct copy of the Guaranty is attached as **Exhibit B**.

16. Pursuant to the Guaranty, the Guarantors, including Defendant, "jointly, severally,

3

absolutely, irrevocably and unconditionally guarantee[d] to [Plaintiff] . . ., as primary obligors and not merely as surety, the due and faithful payment and performance by [USA LendCo]," and each of the Guarantors, including Defendant, further agreed to promptly pay any amounts owed by USA LendCo to Plaintiff following USA LendCo's failure to timely pay such amounts when due. *See* Guaranty §§ 2 & 3.

17. Defendant also acknowledged and agreed that he would "derive substantial direct and indirect benefit from extensions of credit under the Credit Agreement," and that the Guaranty was a condition precedent to Plaintiff's agreement to extend any credit to USA LendCo under the Credit Agreement. Guaranty at 1.

18. To induce Plaintiff to enter into the Credit Agreement and make a $25 million loan to USA LendCo, Defendant also represented, warranted and/or covenanted to Plaintiff the following, among other things:

> "Each Guarantor covenants that it will not permit the aggregate Tangible Net Worth of the Guarantors' [*sic*] to fall below US$25,000,000 (25 million dollars), and represents that it satisfies such minimum Tangible Net Worth." Guaranty § 13(viii).

> "Neither Guarantor is in default, and no event or condition exists which after the giving of notice or lapse of time or both would constitute an Event of Default, under this Guaranty or under any mortgage, indenture, contract, agreement, judgment or other undertaking to which either Guarantor is a party or upon any of its assets, except for any such default event or condition which, individually or in the aggregate, would not affect such Guarantor's ability to perform its obligations under this Guaranty or any such mortgage, indenture, contract, agreement, judgment or other undertaking to which it is a party." Guaranty § 18(v).

> "Each Guarantor has filed all Federal, state and local income tax returns that are required to be filed, if any, and has paid all taxes and all assessments received by it to the extent that such taxes and assessments have become due, if any, and neither Guarantor has any knowledge of any actual or proposed deficiency or additional assessment in connection therewith." Guaranty § 18(viii).

> "Each Guarantor has operated at all times in compliance with the requirements of all applicable laws and all orders, writs, conditions of participation, contracts, standards, policies, injunctions, decrees, and Governmental Approvals applicable to it or its properties, except where noncompliance individually or in the aggregate could not reasonably be expected to result in a material adverse effect (as determined by [Plaintiff])." Guaranty § 18(x).

> "There are no actions, suits or proceedings before any court, tribunal or

4

EAST\188868734.6

governmental body pending or, to its knowledge, threatened (i) with respect to any of the transactions contemplated by this Guaranty or (ii) against or affective any Guarantor or any of its assets or properties which if adversely determined might reasonably be expected to have a material adverse effect on any Guarantor's ability to perform hereunder. No Guarantor has been charged with any violation of or default under any statute, decree, rule, regulations, writ or order of any court or any administrative order." Guaranty § 18(xiii).

19. To further induce Plaintiff to enter into the Credit Agreement and make the loan to USA LendCo, Defendant provided Plaintiff with a personal financial statement (the "**Financial Statement**") that purported to show that Defendant's total net worth was $375,706,878.00, Defendant's total liabilities were $1,195,000.00, and Defendant's total annual income was $2,840,000.00.

20. Upon information and belief, the Financial Statement that Defendant provided to Plaintiff was materially false as of the time Defendant became indebted to Plaintiff under the Guaranty, as were certain representations made by the Defendant in the Guaranty.

21. USA LendCo has been in default under the Credit Agreement since July 31, 2020. Accordingly, pursuant to the terms of the Guaranty, Defendant is obligated to pay all amounts owed by USA LendCo to Plaintiff under the Credit Agreement.

22. On August 31, 2021, Plaintiff filed suit against Defendant and Woods in Los Angeles County, Superior Court, commencing case number 21STCV32031, for Defendant and Woods' failure to pay all amounts owed by USA LendCo.[1]

23. On December 29, 2021 ("**Petition Date**"), Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On the Petition Date, Heide Kurtz was appointed the Chapter 7 Trustee.

24. On January 26, 2022, a meeting of the creditors was held in the above-captioned bankruptcy case. During the meeting of creditors, Defendant testified that he currently owes the IRS for unpaid taxes for the years 2015, 2016, 2017, and 2018. Moreover, the Defendant's schedules and statement of financial affairs filed on January 12, 2022 lists unsecured claims

---

[1] Due to the commencement of Urban Commons' chapter 7 case on April 29, 2021, Plaintiff did not include Urban Commons as a defendant in the state court action.

5

EAST\188868734.6

owed to various taxing authorities for the years 2015 through 2018. *See* Dkt. No. 13, Schedule E/F.

25. Additionally, during the meeting of creditors on January 26, 2022, Defendant testified that he had no income other than capital contributions from stock ownership in Eagle Hospitality Trust.

26. With respect to Defendant's assets, the Defendant's schedules value his total assets as $15,919,701.74 and his total liabilities at $52,793,177.43, a mere fraction of the purported value of Defendant's net worth set forth in the Financial Statement that Defendant provided to Plaintiff in connection with the Credit Agreement and Guaranty.

27. In connection with the Credit Agreement and Guaranty, Defendant, by means of written communications, made untrue statements of material facts to Plaintiff, and omitted material facts that made the statements misleading under the circumstances, including, *inter alia*:

   (a) Materially mispresenting and omitting material facts concerning Defendant's net worth, Defendant's assets, and Defendant's liabilities;

   (b) Failing to disclose that Defendant was delinquent on his 2015, 2016, 2017, and 2018 taxes;

   (c) Materially misrepresenting Defendant's income as much higher than it truly was;

   (d) Materially mispresented Defendant's assets by overstating their value;

   (e) Materially misrepresented Defendant's liabilities by understating his debt and obligations; and

   (f) Failing to disclose events of default under various contracts of one or more Guarantors, and/or threatened actions relating thereto.

28. The current debt owed by Defendant to Plaintiff is $28,460,094.30, exclusive of legal fees and costs, including principal and accrued interest through the date of this Complaint ("**Current Debt**"). Interest continues to accrue on the Current Debt at the annual rate of 13.5%.

6

EAST\188868734.6

## COUNT I

**[For a Determination that Debt is not Dischargeable Pursuant to 11 U.S.C. § 523(a)(2)(A)]**

29.  Plaintiff restates and realleges, as though fully set forth herein, the allegations of paragraphs 1 through 28 above.

30.  Pursuant to 11 U.S.C. § 523(a)(2)(A), a discharge of debt under chapter 7 does not discharge any individual debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

31.  Here, the Defendant made multiple false representations when he entered into the Guaranty.

32.  Plaintiff is informed, believes, and alleges that the representations made by Defendant were fraudulent misrepresentations designed to induce Plaintiff into loaning $25,000,000.00 to USA LendCo.

33.  Plaintiff justifiably, reasonably, and detrimentally relied on Defendant's statements to be true, to Plaintiff's detriment.

34.  As a result of Defendant's conduct, Plaintiff incurred damages in excess of $25,000,000.00.

35.  Plaintiff sustained losses as a proximate result of Defendant's representations and Defendant's fraudulent conduct.

36.  Plaintiff would have not taken the aforementioned actions had Plaintiff known that Defendant's representations were not true.

37.  Accordingly, the debt is not dischargeable pursuant to 11 U.SC. § 523(a)(2)(A).

## COUNT II

**[For a Determination that Debt is not Dischargeable Pursuant to 11 U.S.C. § 523(a)(2)(B)]**

38.  Plaintiff restates and realleges, as though fully set forth herein, the allegations of paragraphs 1 through 37 above.

39.  Pursuant to 11 U.S.C. § 523(a)(2)(B), a discharge of debt under chapter 7 does not discharge any individual debt "for money, property, services, or an extension, renewal, or

7

refinancing of credit, to the extent obtained by . . . use of a statement in writing that is materially false; respecting the debtor's or an insider's financial condition; on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and that the debtor caused to be made or published with intent to deceive."

40. Defendant provided the Financial Statement to Plaintiff in connection with the Guaranty. The Financial Statement and the Guaranty contained material misrepresentations and omissions regarding Defendant's financial condition, including, without limitation, a false representation in the Guaranty that his net worth was over $25,000,000.00, and a false representation in his Financial Statement that his net worth was over $375,741,878.00, when in reality those statements were not true.

41. Defendant knew at the time he made the representations that he had intentionally misrepresented his financial position by, among other things, failing to disclose to Plaintiff all of the debts he owed, understating his liabilities, and overstating his assets.

42. Defendant's representations about his financial condition were materially false.

43. Plaintiff reasonably relied on Defendant's misrepresentations.

44. Defendant made the misrepresentations with the intent to deceive Plaintiff.

45. In Defendant's Chapter 7 petition, Defendant listed this obligation owed to Plaintiff and sought to have the debt discharged in the bankruptcy proceeding.

46. The debt owed to Plaintiff by Defendant resulted from false and fraudulent statements by Defendant, on which Plaintiff reasonably relied as being truthful.

47. Accordingly, the debt is not dischargeable under section 523(a)(2)(B) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

1. Determine that the Current Debt in the amount of $28,460,094.30, exclusive of legal fees and costs, is nondischargeable under 11 U.S.C. § 523(a)(2); and

2. Grant such other and further relief that the Court deems just and proper.

8

EAST\188868734.6

DATED:  March 28, 2022

Respectfully submitted,

**DLA PIPER LLP (US)**

By:  */s/ Eric D. Goldberg*
    Eric D. Goldberg (SBN 157544)
    Rachel Ehrlich Albanese (*Pro Hac Vice*)
    James P. Muenker (*Pro Hac Vice*)

*Attorneys for Mirae Asset Securities Investments (USA), LLC*