Eric Bensamochan, Esq. SBN255482
The Bensamochan Law Firm, Inc.
9025 Wilshire Blvd., Suite 215
Beverly Hills, CA 90211
Tel: (818) 574-5740
Fax: (818) 961-0138
Email: eric@eblawfirm.us

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>HOWARD WU,<br><br>Debtor.<br><br>MIRAE ASSET SECURITIES INVESTMENTS (USA), LLC,<br><br>Plaintiff,<br>v.<br><br>HOWARD WU, an Individual,<br><br>Defendant. | Case No.: 2:21-bk-19480-ER<br><br>Adversary No. 2:22-ap-01074-ER<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT PURSUANT TO FRCP 12(b)(6) AS INCORPORATED BY RULE 7012 FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>Date: June 7, 2022<br>Time: 11:00am<br>Courtroom: 1568<br>Location: 255 E. Temple Street<br>          Los Angeles, CA 90012 |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY COURT JUDGE, PLAINTIFFS AND THEIR COUNSEL OF RECORD, AND ALL INTERESTED PARTIES:**

1 Howard Wu's Motion to Dismiss Complaint in Adversary Proceeding

**NOTICE IS HEREBY GIVEN** that on the following date and time and in the indicated courtroom, Movant in the above captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

**Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

**Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Dated May 2, 2022

By: /s/Eric Bensamochan, Esq.
Eric Bensamochan, Esq
Counsel for Defendant

Debtor and Defendant Howard Wu, through and by counsel, hereby moves this court for an order dismissing this adversary proceeding as follows:

**I. INTRODUCTION**

The crux of Plaintiff's Complaint is that Mirae is owed money, and Mr. Wu did not pay his obligations under a guaranty agreement. These allegations do not equate with fraud.

The Plaintiff has not established fraud by the allegations set forth in its Complaint, hence, there are no grounds upon which to deny the debtor, Howard Wu, the defendant in this action, of the discharge which the bankruptcy laws give to an honest debtor.

Howard Wu, Defendant in this action and Debtor in the underlying bankruptcy case, made his living purchasing and managing hotels and hotel real estate.

Plaintiff Mirae Asset Securities & Investments (USA), LLC ("Mirae") loaned $25 million to USA LendCo. Mirae admits that the loan was not made to Howard Wu, individually, but instead to an "affiliated" entity. See paragraphs 11 and 14 of the Complaint.

USA LendCo, comprised of various investors, lent $90 million to the Eagle Hospitality REIT ("Eagle") as a Second Deed of Trust. Eagle owned 18 hotels at the time that this loan and Second Deed of Trust were issued.

At the time that USA LendCo lent the $90 million to Eagle, six different investment bankers evaluated the value of the real estate owned by Eagle, and two different sets of appraisals were obtained.

Mirae utilized the data that was available at the time that the $90 million Second Deed of Trust was issued, and when the $90 million was loaned in June of 2019.

Mirae is comparing different valuations submitted by Mr. Wu in his bankruptcy proceeding filed in December of 2021, a year and a half later, after the unexpected and unprecedented Covid Pandemic decimated and annihilated the value of hospitality real estate.

Mirae is not the victim of fraud, the $25 million loan is a victim of circumstance. Mr. Wu did not overstate his assets when Mirae was asked to provide a loan and when Mr. Wu

guaranteed that loan. To the contrary, hospitality and commercial real estate values declined in response to the Covid Pandemic.

Hence, based on Mirae's Complaint, there is no just cause to deprive Mr. Wu of the dischargeability of this debt.

A real estate schedule and a copy of the Second Deed of Trust on $90 million worth of real estate was provided to Mirae, who in turn, felt satisfied that there was enough value to justify loaning approximately 25% of that valuation. The valuation of the real estate was undertaken by the bank which issued the Second Deed of Trust.

Mirae was obliged to conduct its own due diligence to ascertain whether the bank's valuation of the real estate was accurate as of the time the loan funds were sought.

Real estate values are in a constant state of flux. When the Covid Pandemic is thrown into the mix, with its resultant annihilation of commercial real estate values, the Court should, in the interests of justice, conclude that Mirae has not set forth any facts in its Complaint which justify Mirae's wrong conclusion that Mr. Wu fraudulently overstated his assets when signing his guaranty.

The Complaint in the adversary proceeding does not set forth any facts evidencing that Howard Wu, an individual, said or did anything to defraud anyone at Mirae.

When the unexpected and unprecedented Covid Pandemic occurred without warning, the hotel industry was decimated. Because of mandatory closure laws, the costs and expenses of running hotels exceeded the income generated, so there was a loss and no revenue generated with which to repay the $25 million loan made by Mirae.

Mirae is not the victim of fraud perpetrated by Howard Wu, personally, and the Complaint does not allege so. The Complaint does not allege anything which Howard Wu said or did which constitute fraud, which is the only way under the Bankruptcy laws Mr. Wu's debts and obligations cannot be discharged.

Mirae's Complaint references a credit agreement between USA LendCo and Plaintiff (see paragraph 13 of the Complaint). But, Howard Wu is not the loan beneficiary, USA LendCo is.

So, if USA LendCo is obligated to repay the loan, those obligations do not belong to Howard Wu, personally, rather they are obligations of USA LendCo.

It is true that Mr. Wu executed a guaranty (paragraph 15 of the Complaint), but Mr. Wu did not fraudulently induce Mirae into lending $25 Million to USA LendCo by overstating his assets. At the time that Mr. Wu executed his guaranty, he had every intention of performing his obligations under the Guaranty Agreement.

According to paragraph 20 of the Complaint, Mirae alleges, "Upon information and belief, the Financial Statement that Defendant provided to Plaintiff was materially false as of the time Defendant became indebted to Plaintiff under the Guaranty, as were certain representations made by the Defendant in the Guaranty."

Mirae does not specify the basis for its belief, nor does Mirae specify what representations Mr. Wu made in the Guaranty that were purportedly materially false at the time Defendant because indebted to Plaintiff under the Guaranty.

According to paragraph 26 of the Complaint, Mirae alleges, "With respect to Defendant's assets, the Defendant's schedules value his total assets as $15,919,701.74 and his total liabilities at $52,793,177.43, a mere fraction of the purported value of Defendant's net worth set forth in the Financial Statement that Defendant provided to Plaintiff in connection with the Credit Agreement and Guaranty.

As stated above, since the vast majority of Mr. Wu's assets was in real estate and hotels, when the Covid Pandemic decimated the real estate and hospitality industry, the value of Defendant's net worth accordingly declined dramatically.

Mr. Wu flatly denies that the Financial Statement and the Guaranty contained material misrepresentations and omissions regarding his financial condition, including, without limitation, a false representation in the Guaranty that his net worth was over $25,000,000.00, and a false representation in his Financial Statement that his net worth was over $375,741,878.00, when in

reality those statements were not true. As stated above, since most of his assets was in real estate, the value of his assets at the time that he signed the Guaranty was significantly higher, than a year and a half later, post-Covid, after real estate values were decimated by the Pandemic.

Mirae is aware that the revenue generated by hotels during the lock down and responses by government authorities to the Pandemic was not sufficient to keep up with the hotels' operating expenses. Mirae has not provided a shred of evidence that Howard Wu had no intention of performing his obligations under the Guaranty Agreement.

No one expected the unprecedented Covid Pandemic, which crushed the hospitality industry.

Mr. Wu is a successful businessman whose hospitality business was crushed by an unforeseeable global pandemic. He is the type of individual for whom the bankruptcy code was created, "an honest but unfortunate debtor."

Where an honest debtor, such as Mr. Wu, is negatively impacted by circumstances beyond his control, those are the precise circumstances by which the Bankruptcy laws of this great nation provide a fresh start.

Mirae is an unfortunate victim of circumstance, and not a victim of any fraud committed by Mr. Wu. Yes, Mr. Wu was unable to comply with his guaranty obligations, but it is not a willful non-compliance, and he certainly did not anticipate that the crushing of the hospitality industry would render his large net worth inadequate to meet all of his obligations.

As set forth fully below, the allegation of fraud triggers a heightened pleading standard which the complaint does not meet.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Standard for Dismissal Under Rule 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6), made applicable in adversary proceedings through Fed. R. Bank. P. 7012, a bankruptcy court may dismiss a complaint if it fails to state a claim upon

which relief can be granted. Rule 12(b)(6) authorizes the court, upon motion of the defendant, to dismiss a complaint for failure to state a claim upon which relief can be granted. F.R.Civ.P. 12(b)(6). "The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E.&J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

Under Rule 8(a) a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.Civ.P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

"[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The trial court need not accept as true conclusory allegations in a complaint, or legal characterizations cast in the form of factual allegations. *Twombly*, 550 U.S. at 555-56.

A Rule 12(b)(6) dismissal may be based on either the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008). A claim cannot be plausible when it has no legal basis.

### B. The Heightened Standard Under Rule 9(b)

While the standard set for above under 12(b)(6) is appropriate for most complaints, certain claims must be pled with greater specificity. Fed. R. Civ. P. 9, incorporated in adversary proceedings by Fed. R. Bankr. P. 7009, requires that a party state with particularity the circumstances constituting fraud or mistake (only malice, intent, knowledge, and other conditions of a person's mind may be alleged generally). To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.

Rule 9(b) states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." F.R.Civ.P. 9(b). Rule 9(b)'s heightened pleading standard applies to allegations of fraud and allegations sounding in fraud, including false misrepresentations. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106-07 (9th Cir. 2003); *Neilson v. Union Bank of Cal.*, *N.A.,* 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003).

Allegations under Rule 9(b) must be stated with "specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

Thus, averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

"[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id. (quoting Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994).

Mirae does not quote any statements or attach any communications from Mr. Wu to back up its claim of fraudulent inducement. The Complaint merely attaches a guaranty agreement

8 Howard Wu's Motion to Dismiss Complaint in Adversary Proceeding

which Mr. Wu admittedly signed when he had a sufficiently large net worth to repay obligations at the time he signed it.

No one anticipated the Covid Pandemic. Not Mr. Wu, and not Mirae. Both are victims of the Pandemic, Mirae is not the victim of fraud.

### C. The Complaint Fails to Meet Its Pleading Burden as to Howard Wu Specifically.

There are zero facts pled by Mirae in its Complaint that Mr. Wu did not intend to fulfill his obligations under the guaranty agreement at the time he signed it.

There are no other allegations of fraud, no specific conversations referred to, nothing to justify an exception to the discharge in bankruptcy that the law allows honest debtors.

**The crux of Plaintiff's Complaint is that Mirae is owed money, and Mr. Wu did not pay his obligations under a guaranty agreement. These allegations do not equate with fraud**.

The complaint does not make sufficiently detailed allegations of fraud to meet its pleading burdens under Rule 12(b)(6) or Rule 9(b). Defendant never made any fraudulent misrepresentations to Plaintiff. To get around this fact, the complaint artfully casts its allegations in Defendant's direction without making a direct link which could later be disproven.

### D. The Complaint Fails to Meet its Pleading Burden.

**1. Section 523(a)(2)(A) Elements Not Satisfied**.

Under § 523(a)(2)(A) of the Bankruptcy Code, a debt for services obtained by the debtor under "false pretenses, a false representation, or actual fraud" is nondischargeable. 11 U.S.C. § 523(a)(2)(A).

A creditor must demonstrate five elements to prevail on any claim arising under § 523(a)(2)(A). *See, e.g.*, *Britton v. Price (In re Britton)*, 950 F.2d 602, 604 (9th Cir. 1991). The five elements, each of which the creditor must demonstrate by a preponderance of the evidence, are: (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2)

9 Howard Wu's Motion to Dismiss Complaint in Adversary Proceeding

knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct. *American Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1125 (9th Cir. 1997); *Citibank (South Dakota), N.A. v. Eashai (In re Eashai)*, 87 F.3d 1082, 1086 (9th Cir. 1996).

Given the Rule 9(b) test above, the complaint fails the "who, what, where, and when" portions of the allegations. The Complaint never alleges that on a specific day, Mr. Wu specifically, by email, telephone call, or ZOOM meeting, made a specific representation, to the Plaintiff.

Absent such a specific showing it is impossible to reach the rest of the elements required under § 523(a)(2)(A), such as knowledge that the statement was false, intent to deceive, and justifiable reliance.

Finally, there is the last element of proximate cause. Whether Plaintiff did not recover the money to which it is owed because of purported misconduct by Howard Wu. To the contrary, the Covid Pandemic crushed the hospitality industry, due to mandated hotel closures which were not anticipated by anyone.

**2. Section 523(a)(6) Elements Not Satisfied**.

Under Section 523(a)(6), a debtor will not be granted a discharge of a particular debt where there has been "willful and malicious injury by the debtor to another entity or to the property of another entity...." 11 U.S.C. § 523(a)(6).

In *Petralia v. Jercich (In re Jercich),* 238 F.3d 1202 (9th Cir. 2001), the Ninth Circuit held that a "willful" injury is inflicted by a debtor when the debtor's motive was to inflict injury, or the debtor believed that his conduct was substantially certain to result in injury. A creditor does not need to prove that the debtor acted with the specific intent to cause harm. However,

neither negligent nor reckless acts are sufficient to establish that an injury is willful and malicious. *See Kawaauhau v. Geiger*, 523 U.S. 57, 64, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998).

To satisfy the separate "malicious" element under Section 523(a)(6), a plaintiff must prove that the injury involved "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *In re Jercich*, 238 F.3d at 1209.

Debts resulting from intentional breaches of contract are not actionable under § 523(a)(6) unless the breaches were accompanied by tortious conduct that resulted in willful and malicious injury. *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1205 (9th Cir. 2001). To determine whether a breach of contract renders debt nondischargeable, a bankruptcy court employs a two-part test: first, it must determine if the debtor's conduct was tortious under state law, then it must determine if the debtor's conduct was also willful and malicious. *Lockerby v. Sierra*, 535 F.3d 1038, 1040-41 (9th Cir. 2008).

The complaint fails to meet its burden under this statutory section completely. There is no discussion supporting the scienter required to carry this cause of action. There are no specific allegations which even infer a fact pattern which would give rise to this claim. The Complaint does not supply facts which satisfy the elements of the cause of action and claims that Defendant perpetrated those acts without any additional detail.

Mr. Wu did defraud Mirae. Everyone would be guilty of fraud if a loan applicant is fraudulent for simply failing to disclose something that was not even requested by the lender. The lender must do its own due diligence. Mirae studied the documents which were provided by Taylor Woods and/or staff members. Mr. Wu did not himself provide any documents.

The money was not lent to Mr. Wu personally, it was lent to USA LendCo. Mr. Wu merely acted as a guarantor. Mirae was required to comply with the common principle of "know your client" (" KYC"). If Mirae failed to conduct its own due diligence, and did not know its client, that is on them, and not on Mr. Wu.

That being sad, Mr. Wu flatly denies that he withheld information about his taxes, or that he was threatened with litigation by prior defaults at the time that he signed the Guaranty.

11 Howard Wu's Motion to Dismiss Complaint in Adversary Proceeding

### III. CONCLUSION

Given the lack of specific allegations in the complaint to sustain the claims for relief sought this adversary proceeding should be dismissed.

Dated May 2, 2022                                      By: /s/Eric Bensamochan, Esq.
                                                       Eric Bensamochan, Esq
                                                       Counsel for Defendant Howard Wu

| In re:<br>**Howard Chorng Jeng Wu**<br>Debtor(s). | CHAPTER: **7**<br>CASE NUMBER: **2:21-bk-19480-ER**<br>Adversary No: **2:22-ap-01074-ER** |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**9025 WIlshire Blvd., Suite 215**
**Beverly Hills, CA 90211**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT PURSUANT TO FRCP 12(B)(6) AS INCORPORATED BY RULE 7012 FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **5/2/2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**United States Trustee (LA):   ustpregion16.la.ecf@usdoj.gov**
**Heide Kurtz (TR): trustee@hkurtzco.com**
**Eric D Goldberg:  eric.goldberg@dlapiper.com  (Mirae Asset Securities & Investments (USA), LLC's Attorney)**

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On  **5/2/2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**Hon. Ernest M. Robles**
**United States Bankruptcy Court - Central District of California**
**Edward R. Roybal Federal Building and Courthouse**
**255 E. Temple Street, Suite 1560 / Courtroom 1568**
**Los Angeles, CA 90012**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/2/2022 | **Paulina Buitron** | **/s/Paulina Buitron** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June  2012*    **9013-3.1.PROOF.SERVICE**