Eric Bensamochan, Esq. SBN255482
The Bensamochan Law Firm, Inc.
9025 Wilshire Blvd., Suite 215
Beverly Hills, CA 90211
Tel: (818) 574-5740
Fax: (818) 961-0138
Email: eric@eblawfirm.us

Attorney for Howard Wu

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>    HOWARD WU,<br><br>                      Debtor.<br><br>MIRAE ASSET SECURITIES INVESTMENTS (USA), LLC,<br><br>                Plaintiff,<br>  v.<br><br>HOWARD WU, an Individual,<br><br>              Defendant. | Case No.: 2:21-bk-19480-ER<br><br>Adversary No. 2:22-ap-01074-ER<br><br>Chapter 7<br><br>**ANSWER OF HOWARD WU TO COMPLAINT OF MIRAE ASSET SECURITIES INVESTMENTS (USA), LLC** |

      Defendant Howard Wu ("Wu"), by through Counsel, hereby answers the Complaint of Plaintiff Mirae Asset Securities Investments (USA), LLC ("Mirae"), as follows:

      1.     Defendant admits the allegations in Paragraph 1 of the Complaint.

      2.     Defendant neither admits nor denies the allegations contained in Paragraph 2 of the Complaint on the basis that these allegations are legal conclusions.

      3.     Defendant neither admits nor denies the allegations contained in Paragraph 2 of the Complaint on the basis that these allegations are legal conclusions.

4. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 4 of the Complaint. Whether venue is proper also calls for a legal conclusion. Hence, Defendant neither admits nor denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Pursuant to the advisory committee notes on the 1987 amendment to Rule 7008 of the Federal Rules of Bankruptcy Procedure, in a non-core proceeding, absent consent of the parties, the bankruptcy judge may not enter a final order or judgment but may only submit proposed findings of fact and conclusions of law to the district judge who will enter the final order or judgment. 28 U.S.C. §157(c)(1). Defendant cannot admit or deny what Plaintiff consents to, that is something solely in the purview of Plaintiff.

7. Defendant need not admit nor deny whether this adversary complaint has been timely filed. That is something for the Court to determine. What date the Court has fixed as the deadline for filing an adversary complaint speaks for itself and need not be admitted nor denied by Defendant.

8. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant admits the allegations in Paragraph 13 of the Complaint to the extent that they replicate part of the attached Exhibit.

14. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits the allegations in Paragraph 15 of the Complaint to the extent that they replicate part of the attached Exhibit.

16. Defendant admits the allegations in Paragraph 16 of the Complaint to the extent that they replicate part of the attached Exhibit.

17. Defendant admits the allegations in Paragraph 17 of the Complaint to the extent that they replicate part of the attached Exhibit.

18. Defendant admits the allegations in Paragraph 18 of the Complaint to the extent that they replicate part of the attached Exhibit.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 25 of the Complaint.

Howard Wu's Answer to Complaint of Mirae Asset Securities Investments (USA), LLC

26. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the complaint.

28. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 28 of the Complaint.

29. American lawyers mechanically introduce each count in a pleading with the talismanic clause of "repeat and reallege" everything said before. It is a useless recitation cluttering complaints, answers, and indictments; it has no purpose, makes no sense, and is not used in any other legal system in the world. This medieval practice made sense in the formalistic common-law pleading of the sixteenth century but has no place in modern pleadings. Accordingly, Defendant neither admits nor denies Paragraph 29 of the Complaint as that paragraph contains no specific allegations.

30. Defendant neither admits nor denies the allegations contained in Paragraph 30 of the Complaint on the basis that these allegations are legal conclusions.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. American lawyers mechanically introduce each count in a pleading with the talismanic clause of "repeat and reallege" everything said before. It is a useless recitation

cluttering complaints, answers, and indictments; it has no purpose, makes no sense, and is not used in any other legal system in the world. This medieval practice made sense in the formalistic common-law pleading of the sixteenth century but has no place in modern pleadings. Accordingly, Defendant neither admits nor denies Paragraph 38 of the Complaint as that paragraph contains no specific allegations.

39.     Defendant neither admits nor denies the allegations contained in Paragraph 39 of the Complaint on the basis that these allegations are legal conclusions.

40.     Defendant denies the allegations in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant admits the allegations in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

**Prayer for Relief**

Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies.

///

///

///

///

## I. GENERAL AND SPECIFIC DENIALS

### GENERAL DENIAL

1. Unless heretofore expressly admitted, Defendant, through Counsel, denies generally and specifically, each and every allegation contained in the Complaint.

2. Defendant, through Counsel, denies generally and specifically that Plaintiff has been damaged in any sum, or at all, by reason of any wrongful conduct by this Defendant.

### PRAYER FOR RELIEF

3. The allegations contained in these paragraphs consist of Plaintiff's prayer for relief, to which no response is required, but insofar as an answer is deemed required, Defendant Howard Wu denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

## II. AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1. As a Separate Affirmative Defense, this Answering Defendant alleges that the Plaintiff's Complaint and each claim for relief contained therein fails to state facts sufficient to state a claim against this Answering Defendant. The Complaint lacks essential elements to sufficient to prove the allegations and is too vague and overbroad.

///

///

///

///

6
Howard Wu's Answer to Complaint of Mirae Asset Securities Investments (USA), LLC

## SECOND AFFIRMATIVE DEFENSE

(Plaintiff cannot meet its burden of proof)

2.  As a Separate Affirmative Defense to the Complaint and each claim for relief contained therein, this Answering Defendant alleges that Plaintiff cannot sustain its burden of proving each and every element of each cause of action.

## THIRD AFFIRMATIVE DEFENSE

(Laches)

3.  As a Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and each claim for relief therein is barred by the equitable doctrine of laches in that the Plaintiff has unreasonably delayed in filing this Complaint and said unreasonable delay has resulted in, and will continue to result in, Defendant suffering damages due to prejudice.

## FOURTH AFFIRMATIVE DEFENSE

(Failure To Mitigate Damages)

4.  As a Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and each claim for relief therein, Plaintiff failed to mitigate damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

(Waiver)

5.  As a Fifth and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and each claim for relief therein are barred by the defense of waiver.

### SIXTH AFFIRMATIVE DEFENSE

(Material Breach)

6. Plaintiff committed material breaches of the agreements set forth in the Complaint, which material breaches excused Defendant's performance.

### SEVENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

7. As a Seventh and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and each claim for relief therein, are barred by the defense of unjust enrichment in that Plaintiff would be unjustly enriched if Plaintiff were to recover any relief requested in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

(Lack Of Standing)

8. As an Eighth and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and each claim for relief therein are barred by the defense of lack of standing in that Plaintiff lacks standing to file the Complaint as Plaintiff is not a real party in interest.

### NINTH AFFIRMATIVE DEFENSE

(Unclean Hands)

9. As a Ninth and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and each claim for relief therein are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

(Estoppel)

10. As a Tenth and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and each claim for relief therein are barred by the doctrine of estoppel in that Plaintiff is estopped from raising any claim against this Answering Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

(Acts or Omissions of Third Parties)

11. Plaintiff's Complaint, and each and every claim asserted therein, is barred, in whole or in part, to the extent that Plaintiff's purported injuries and damages were not proximately caused by any acts or conduct by Defendant, but rather by the conduct of third parties and/or their agents, employees, servants and contractors not currently named in the Complaint. Thus, if Plaintiff, or the interests Plaintiff represents, is found to have sustained or to be entitled to any damages whatsoever, the Defendant is not liable for those damages at all or is entitled to indemnification or contribution from the responsible third parties.

## TWELFTH AFFIRMATIVE DEFENSE

(Mistake)

12. As a Twelfth and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and each claim for relief therein are barred by the doctrine of mistake.

///

///

## THIRTEENTH AFFIRMATIVE DEFENSE

(Lack of Intent or Knowledge)

13.     As a Thirteenth and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and each claim for relief therein are barred due to the lack of requisite intent or knowledge by Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Ratification)

14.     As a Fourteenth and Separate Affirmative Defense, Defendant alleges that Plaintiff's Complaint and each claim for relief therein are barred in that Plaintiff ratified all acts or omissions by Defendant, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Set Off)

15.     Plaintiff's Complaint, and each and every claim therein, is barred, in whole or in part, due to setoff or recoupment such that the amount of Plaintiffs' damages, if any, must be reduced, in whole or in part, by the amount of the setoff or recoupment.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Attorneys' Fees Not Recoverable)

16.     Plaintiff cannot recover any attorneys' fees from Defendant, as Plaintiff lacks any contractual or statutory basis to recover them, at least as to some (if not all) of the claims raised.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Other Defenses)

17. Defendant has insufficient knowledge or information upon which to form a belief as to whether it might have additional, as yet unstated, separate defenses available. Defendant reserves the right to amend this Answer to add, delete or modify defenses based upon legal theories that may or will be divulged through clarification of the Plaintiff's Complaint, through discovery, or through further legal analysis of Plaintiff's positions in this litigation.

**WHEREFORE**, having answered, Defendant requests judgment or relief against Plaintiff as follows:

1. That the claim against Defendant is dismissed with prejudice;
2. That the Plaintiff take nothing and is granted no relief;
3. That Defendant be awarded its costs and disbursements incurred in defending this matter; and
4. Such other and further relief, including declaratory, equitable relief and damages, to which it is entitled.

Dated August 25, 2022

By: /s/Eric Bensamochan, Esq.
Eric Bensamochan, Esq
Counsel for Defendant Howard Wu

| In re:<br>**Howard Chorng Jeng Wu**<br>Debtor(s). | CHAPTER: **7**<br>CASE NUMBER: **2:21-bk-19480-ER**<br>Adversary No: **2:22-ap-01074-ER** |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**9025 WIlshire Blvd., Suite 215**
**Beverly Hills, CA 90211**

A true and correct copy of the foregoing document entitled (*specify*):  **ANSWER OF HOWARD WU TO COMPLAINT OF MIRAE ASSET SECURITIES INVESTMENTS (USA) LLC.**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  **8/25/2022**   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**United States Trustee (LA):   ustpregion16.la.ecf@usdoj.gov**
**Heide Kurtz (TR): trustee@hkurtzco.com**
**Eric D Goldberg:  eric.goldberg@dlapiper.com  (Mirae Asset Securities & Investments (USA), LLC's Attorney)**

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On  **8/25/2022**   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**Hon. Ernest M. Robles**
**United States Bankruptcy Court - Central District of California**
**Edward R. Roybal Federal Building and Courthouse**
**255 E. Temple Street, Suite 1560 / Courtroom 1568**
**Los Angeles, CA 90012**

**Rachel Ehrlich Albanese**
**DLA Piper LLP**
**1251 Avenue of the Americas**
**New York, NY 10020**

**Michael Garfinkel**
**DLA Piper, LLP**
**2000 Ave of the Stars Ste 400 NT**
**Los Angeles, CA 90067**

**James P Muenker**
**DLA Piper LLP**
**1900 North Pearl Street Ste 2200**
**Dallas, TX 75201**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  ____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June  2012* **9013-3.1.PROOF.SERVICE**

| In re: | | |
|---|---|---|
| **Howard Chorng Jeng Wu** | | CHAPTER **7** |
| | Debtor(s). | CASE NUMBER **2:21-bk-19480-ER** |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/25/2022 | **Paulina Buitron** | **/s/Paulina Buitron** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*     **F 9013-3.1**